# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: June 15, 2023

```
* * * * * * * * * * * * *
KATHLEEN COOPER-LOHER,          *       No. 18-769V
                                *
          Petitioner,           *       Special Master Sanders
                                *
v.                              *
                                *
SECRETARY OF HEALTH             *
AND HUMAN SERVICES,             *
                                *
          Respondent.           *
* * * * * * * * * * * * *
```

## ORDER DENYING MOTION TO REDACT[1]

On May 31, 2018, Kathleen Cooper-Loher ("Petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program ("Program" or "Vaccine Program").[2] Petitioner alleged that she received the influenza vaccine on November 9, 2015, "causing her to suffer with granuloma annulare" ("GA"). Pet. at 1, ECF No. 1. Petitioner further alleged her GA was exacerbated "following a mandated influenza vaccine administered on November 7, 2016." *Id.*

On May 18, 2023, I issued a Decision denying entitlement and dismissing Petitioner's petition. Decision, ECF No. 66. Petitioner has now requested, pursuant to Vaccine Rule 18(b), that I redact her name from the Decision. Pet'r's Mot. at 1, ECF No. 67.

### I.   Relevant Procedural History and the Parties' Arguments

On May 18, 2023, I issued a Decision dismissing Petitioner's case. *See* Decision. The Decision includes the name of the vaccines Petitioner alleged caused her injuries, the dates of vaccinations, and the injuries she alleged were caused by said vaccinations. *Id.* The Decision also includes medical and narrative information regarding Petitioner's medical condition. *See id.*

---

[1] Because this Order contains a reasoned explanation for the special master's action in this case, it will be posted on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. *See* 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Order will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information the disclosure of which would constitute an unwarranted invasion of privacy. If I, upon review, agree that the identified material fits within this definition, it will be redacted from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub.L. No. 99–660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

On May 25, 2023, Petitioner timely filed a one-page motion for redaction. *See* Pet'r's Mot. Petitioner requested "that her name be redacted and replaced with initials 'KCL' to protect her privacy in disclosing medical information." *Id.* at 1. She noted that she "understands that the interest in protecting her name must be weighed against the government's interest in public disclosure." *Id.* Petitioner maintained that to replace her name with initials does not interfere with the public interest in disclosure of vaccine-related injuries. *Id.*

## II.   Applicable Legal Standard

Pursuant to the Vaccine Act, once a special master issues a decision or ruling, any information contained therein will become public. 42 U.S.C. § 300aa-12(d)(4). The parties, however, can request redaction of "medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." § 300aa-12(d)(4)(B)(ii); *accord* Vaccine Rule 18(b). Although the Vaccine Rules mandate the redaction of minors' names, adult petitioners' names are not automatically redacted. *E.g.*, *M.W.*, 2021 WL 1594218, at *1. An adult petitioner may have her name redacted if she establishes sufficient grounds for such. *Id.*

There are differing interpretations of how strict the standard for obtaining redaction should be. *Compare Langland*, 2011 WL 802695, at *6 (stating "a party requesting redaction of medical information must satisfy a substantial burden to demonstrate a right to redaction."), *with W.C.*, 100 Fed. Cl at 461 (stating that a petitioner's "interest must be weighed against the government's interest in public disclosure[]" and that "where '[t]here is no relevant public purpose to be weighed against [a] threatened invasion[,]' . . . *any* invasion of privacy threatened by disclosure . . . is 'clearly unwarranted.'") (citation omitted) (emphasis in original).

In *Langland*, the Chief Special Master explained the heightened burden for petitioners to "show particularized harm outweighing the public interest in disclosure." 2011 WL 802695, at *8. The *Langland* approach acknowledges that the plain language of the Vaccine Act, specifically § 12(d)(4)(B), requires decisions to be disclosed to the public. *Windhorst v. Sec'y of Health & Hum. Servs.,* No. 13-647V, 2017 WL 728045, at *2 (Fed. Cl. Spec. Mstr. Jan. 10, 2017). Further, "special masters have concluded that public disclosure of a vaccinee's medical condition is not a clearly unwarranted invasion of privacy because the vaccinee places his or her medical condition in contention by filing a claim." *Windhorst,* 2017 WL 728045, at *2. *W.C.,* however, has been interpreted as "providing a more lenient standard for redaction as compared to *Langland*[,]" as the petitioner must simply substantiate the basis for the request. *See* 100 Fed. Cl. at 461; *see also K.L. v. Sec'y of Health & Hum. Servs.,* 123 Fed. Cl. 497, 507 (2015) (noting that even when special masters apply the more lenient standard for redaction in *W.C.*, requests for redaction have been denied because petitioners failed to substantiate the basis for their requests). Nonetheless, special masters do not abuse their discretion by requiring petitioners to affirmatively demonstrate that redaction is justified. *K.L.,* 123 Fed. Cl. at 507–08 (finding that the special master's requirement that petitioner provide "sufficient cause to justify redaction" is not contrary to the Vaccine Act or prior to precedent and explaining that "[e]ach special master must review every case and exercise his or her discretion, given the specific facts presented in that particular case."). Still, *W.C.* "remains the minority approach . . . [and i]t is rare for a special master to redact a decision involving an adult vaccinee to initials." *Windhorst,* 2017 WL 728045, at *4.

Regardless of which standard applies, the Vaccine Act's use of the phrase "clearly unwarranted invasion of privacy" to define the type of information suitable for redaction requires a petitioner "to make *some* showing to justify the relief of redaction[.]" *R.V. v. Sec'y of Health & Hum. Servs.*, No. 08-504V, 2016 WL 3776888, at *2 (Fed. Cl. Spec. Mstr. May 10, 2016) (citing *W.C.*, 100 Fed. Cl. at 460) (emphasis in original). Additionally, special masters have permitted redaction in cases where such a specialized showing was made without reconciling the two competing standards in *W.C.* and *Langland* or choosing one over the other. *See, e.g.*, *K.L. v. Sec'y of Health & Hum. Servs.,* No. 12-312V, 2015 WL 11882259 (Fed. Cl. Spec. Mstr. Oct. 30, 2015) (granting the petitioner's motion for redaction because disclosure of her injuries would cause her harm in the employment context).

### III.   Analysis

In this case, I find that Petitioner has not shown that redaction of her name is warranted. Petitioner has failed to show how her privacy interest would be protected by the type of relief sought. Aside from referring to her general interest in protecting her privacy, Petitioner did not articulate a specific reason warranting the redaction. Additionally, she did not cite to analogous cases for support from which I could successfully rely upon or distinguish. Without more than her general request, Petitioner has failed to make *any* showing of how her privacy interest would be protected by the redaction of her name to initials. She therefore has not demonstrated that her privacy interest is distinguishable from those of other petitioners in the Program, and I must deny Petitioner's motion for redaction.

### IV.   Conclusion

For the reasons set forth above, I hereby determine that Petitioner has not established grounds for redaction of her name in the Decision issued on May 18, 2023. I therefore **DENY** Petitioner's motion.

**IT IS SO ORDERED.**

s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master