# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: September 11, 2024

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | |
| KATHLEEN COOPER-LOHER, | * | No. 18-769V |
| | * | Special Master Sanders |
| Petitioner, | * | |
| | * | |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

*Carol L. Gallagher,* Carol L. Gallagher, Esquire, LLC, Somers Point, NJ, for Petitioner;
*Debra A. Filteau Begley*, United States Department of Justice, Washington, DC, for Respondent.

### DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On May 31, 2018, Kathleen Cooper-Loher ("Petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program. 42 U.S.C. § 300aa-10 to -34 (2018)[2] (the "Vaccine Act" or "Program"). Petitioner alleged that she received the influenza vaccine on November 9, 2015, "causing her to suffer with granuloma annulare" ("GA"). Pet. at 1, ECF No. 1. Petitioner further alleged her GA was exacerbated "following a mandated influenza vaccine administered on November 7, 2016." *Id.* On May 18, 2023, I issued my decision denying entitlement and dismissing the petition. (ECF No. 66).

On July 8, 2023, Petitioner filed a motion for attorneys' fees and costs, (ECF No. 71), and on October 18, 2023, Petitioner filed an amended motion for attorneys' fees and costs. Pet'r's Mot.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755.

for Final Attorneys' Fees and Costs [hereinafter "Pet'r's Mot. for AFC"], ECF No. 75. Petitioner requests total attorneys' fees and costs in the amount of $120,408.20, representing $64,212.30 in attorneys' fees and $56,195.90 in attorneys' costs. Pet'r's Mot. for AFC at 3. Pursuant to General Order No. 9, Petitioner has indicated that she has not personally incurred any costs related to the prosecution of her petition. Pet'r's Mot. for AFC, Exhibit (Ex.) D at 1. Respondent responded to the original motion for AFC on September 12, 2023, stating that Respondent "is satisfied that the statutory requirements for an award of attorneys' fees and costs are met in this case." Resp't's Resp. at 2, ECF No. 74. Respondent also noted errors in Petitioner original motion, which Petitioner corrected her amended motion for AFC. Respondent did not respond to Petitioner's amended motion. This matter is now ripe for consideration.

### I.     Reasonable Attorneys' Fees and Costs

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." § 15(e)(1). If a petitioner succeeds on the merits of her or her claim, the award of attorneys' fees is automatic. *Id.*; *see Sebelius v. Cloer*, 133 S. Ct. 1886, 1891 (2013). However, a petitioner need not prevail on entitlement to receive a fee award as long as the petition was brought in "good faith" and there was a "reasonable basis" for the claim to proceed. § 15(e)(1). Here, although the petition was eventually dismissed, I am satisfied that good faith and reasonable basis have been met in the instant case. Respondent has also indicated he is satisfied that good faith and reasonable basis have been met. Accordingly, Petitioner is entitled to a final award of reasonable attorneys' fees and costs.

The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1348 (Fed. Cir. 2008). This is a two-step process. *Id.* First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Hum. Servs.*, 22 Cl. Ct. 750, 753 (1991) ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316–18 (2008). Such applications, however, should not include hours that are "'excessive, redundant, or otherwise unnecessary.'" *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum*, 465 U.S. at 895. The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. Petitioners bear the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

### A.     Hourly Rate

The decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. *McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Court has since updated the *McCulloch* rates, and the Attorneys' Forum Hourly Rate Fee Schedules can be accessed online.[3]

Petitioner requests the following rates for the work of her counsel, Ms. Carol Gallagher: $400.00 per hour for work performed in 2018 and 2019, $424.00 per hour for work performed in 2020 and 2021, and $450.00 per hour for work performed in 2022 and 2023. These rates are consistent with what counsel has previously been awarded for her Vaccine Program work, and the undersigned finds them to be reasonable herein.

### B.     Reasonable Number of Hours

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera,* 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton,* 3 F.3d at 1521 (quoting *Hensley v. Eckerhart,* 461 U.S. 424, 434 (1983)). It is well-established that billing for administrative or clerical tasks is not permitted in the Vaccine Program. *See e.g.*, *Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989) (stating that services that are "primarily of a secretarial or clerical nature . . . should be considered as normal overhead office costs included within the attorneys' fee rates"); *see also Isom v. Sec'y of Health & Hum. Servs.*, No. 94-770, 2001 WL 101459, at *2 (Fed. Cl. Spec. Mstr. Jan. 17, 2001) (agreeing with Respondent that tasks such as filing and photocopying are subsumed under overhead expenses); *Walters v. Sec'y of Health & Hum. Servs.*, No. 15-1380V, 2022 WL 1077311, at *5 (Fed. Cl. Spec. Mstr. Feb. 23, 2022) (failing to award fees for the review of CM/ECF notifications and the organization of the file); *McCulloch*, 2015 WL 5634323, at *26 (noting that clerical and secretarial tasks should not be billed at all, regardless of who performs them).

Upon review, the undersigned finds the overall hours billed to be reasonable. Counsel has provided sufficiently detailed descriptions for the tasks performed, and upon review, the undersigned does not find any of the billing entries to be unreasonable. Accordingly, Petitioner is entitled to final attorneys' fees in the amount of $64,212.30.

### C.     Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.,* 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $56,195.90 in attorneys' costs. This amount is comprised of acquisition of hearing transcripts and the Court's filing fee, and 36.75 hours of work performed by medical expert

---

[3] The OSM Fee Schedules are available at: http://www.cofc.uscourts.gov/node/2914. The hourly rates contained within the schedules are updated from the decision in *McCulloch*, 2015 WL 5634323.

Richard H. Knierim, M.D. at a rate of $380.00 per hour for work performed from 2021 through 2023. These costs have been supported with the necessary documentation and are reasonable.

Petitioner also requests reimbursement for work performed by medical expert Steven W. Rostad, M.D. at a rate of $400.00 per hour for 86.75 hours of work performed in 2019, $425.00 per hour for 2.25 hours of work performed in 2020, $450.00 per hour for 10 hours of work performed in 2021, and $475.00 per hour for 3.25 hours of work performed in 2023, totaling $41,700.00. Dr. Rostad billed at rates that have been previously awarded in the Vaccine Program, and they will be awarded herein. *See Porter v. Sec'y of Health & Human Servs.*, No. 18-132V, 2020 WL 6705553, at *3 (Fed. Cl. Spec. Mstr. Oct. 22, 2020).

Dr. Rostad seeks compensation for 102.25 hours of work performed in this matter. *See* Pet'r's Mot. for AFC, Ex. C at 1-7. A review of Dr. Rostad's invoice shows that his billing is unreasonably high, and the time spent on some tasks was excessive. For example, nearly 40 hours were spent writing and reviewing one expert report that was only about 13 pages in length, not including the qualifications and references portions of the report. *See* Ex. 14. Dr. Rostad also spent more than 8 hours preparing invoices. *See* Pet'r's Mot. for AFC, Ex. C. Based on my experience in adjudicating fee and cost awards, I find that the time billed for this work was excessive.

While Dr. Rostad's billing raises questions regarding the reasonableness of his billing, a larger issue concerns the scope of his work. As discussed in the May 18, 2023 Entitlement Decision, though an esteemed physician with an exemplary background, Dr. Rostad is not an authority in granuloma annulare, and his curriculum vitae did not list any training, experience, or expertise in dermatology. *Cooper-Loher v. Sec'y of Health & Human Servs.*, No. 18-769V, 2023 WL 4926907, at *20 (Fed. Cl. Spec. Mstr. May 18, 2023). Because Dr. Rostad and Dr. Knierim had different views on the onset and development of Petitioner's disease, and their lack of subject-matter expertise, ultimately, I did not find their arguments on those issues persuasive. Additionally, on September 25, 2019, the court struck Petitioner's status report and Dr. Rostad's responsive expert report because those filings did not clarify issues in the case. ECF No. 42. Despite the stricken responsive expert report, and concern regarding Dr. Rostad's qualifications in this particular matter, Petitioner continued to consult Dr. Rostad in this case. *See* ECF Nos. 37 and 34; *see also* Pet'r's Mot. for AFC, Ex. A at 12-13, 15-17, 21-22.

Considering these factors, I find that a 30% reduction in Dr. Rostad's requested expert fees is appropriate, resulting in a reduction of **$12,510.00.**

Accordingly, Petitioner is entitled to final attorneys' costs in the amount of $43,685.90.

## II.     Conclusion

In accordance with the Vaccine Act, 42 U.S.C. §15(e) (2018), the undersigned has reviewed the billing records and costs in this case and finds that Petitioner's request for fees and costs is reasonable. Based on the above analysis, the undersigned finds that it is reasonable to compensate Petitioner and her counsel as follows:

| Attorneys' Fees Requested | $64,212.30 |
|---|---|
| (Reduction to Fees) | - |

4

| | |
|---|---|
| **Total Attorneys' Fees Awarded** | **$64,212.30** |
| | |
| Attorneys' Costs Requested | $56,195.90 |
| (Reduction to Costs) | ($12,510.00) |
| **Total Attorneys' Costs Awarded** | **$43,685.90** |
| | |
| **Total Attorneys' Fees and Costs** | **$107,898.20** |

**Accordingly, the undersigned awards a lump sum in the amount of $107,898.20, representing reimbursement for Petitioner's attorneys' fees and costs, in the form of a check payable to Petitioner and her counsel, Ms. Carol L. Gallagher.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[4]

       **IT IS SO ORDERED**.

                                      s/Herbrina D. Sanders
                                      Herbrina D. Sanders
                                      Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.